SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
THOMAS R, KAUFMAN, Cal. Bar No. 177936
tkaufman@sheppardmullin.com
PAUL BERKOWITZ, Cal Bar No. 251077
pberkowitz@sheppardmullin.com
DANIELLE L. LEVINE, Cal. Bar No. 280390
dlevine@sheppardmullin.com
1901 Avenue of the Stars, 16th Floor
Los Angeles, California 90067
Telephone: 310.228.3700
Facsimile: 310.228.3701

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KAREN CROSBY, an Individual

Plaintiff,

v.

WELLS FARGO BANK, N.A. doing business as Wells Fargo Private Mortgage Banking, and Does 1 through 25, inclusive,

Defendants.

Case No. 2:14-cv-05594-R-PJW

Assigned to Hon. Manuel Real

**DEFENDANT'S**

**(1) NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c); AND**

**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**[Request for Judicial Notice Filed Under Separate Cover]**

Complaint filed: June 27, 2014

Date: September 2, 2014
Time: 10:00 a.m.
Crtrm: 8

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on September 2, 2014 at 10:00 a.m. in Courtroom 8 of the United States District Court for the Central District of California located at 312 N. Spring Street, Los Angeles, California, Defendant Wells Fargo Bank, National Association ("Wells Fargo"), will and hereby does seek an order pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 12(c) granting judgment on the pleadings as to Plaintiff's Second Cause of Action for Violation of the California Labor Code Private Attorney General Act ("PAGA") on the basis that the claim is time-barred.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on July 18, 2014.

This Motion will be based upon this notice, the accompanying Memorandum of Points and Authorities and Request for Judicial Notice, arguments of counsel, and all pleadings, papers, records and other documentary materials on file, deemed to be on file, or of which judicial notice may be taken herein at the time this Motion is heard.

Dated: July 25, 2014 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ *Thomas R. Kaufman*

THOMAS R. KAUFMAN
Attorneys for Defendant
WELLS FARGO BANK, N.A.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION AND SUMMARY OF ARGUMENT**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") files this motion for judgment on the pleadings to eliminate from the case a cause of action that is plainly time-barred.

Plaintiff Karen Crosby ("Plaintiff") contends in this action that Wells Fargo terminated her employment on February 19, 2013 but violated Labor Code Section 201 by not paying her commissions she was owed pursuant to that statute. The statute provides, in relevant part, that "[i]f an employer discharges an employee, the wages earned and unpaid ***at the time of discharge*** are due and payable immediately." (emphasis added). Plaintiff contends that she was entitled to payment under Section 201 of commissions on loans that Wells Fargo willfully refused to pay her and that she is entitled to the payment plus thirty days of waiting time penalties under Labor Code Section 203. Those specific claims are not at issue in this motion for the judgment of the pleadings.

However, Plaintiff has also asserted a representative claim under the California Labor Code Private Attorney General Act ("PAGA") which allows an aggrieved employee to recover a civil penalty for violations of other Labor Code provisions. Plaintiff's PAGA claim is derivative of her allegation that Wells Fargo violated Labor Code Section 201. The statute of limitations on a PAGA claim is one year, and it is subject to a limited extension of up to 33 days. Plaintiff did not file this action within 1 year and 33 days of her termination date, but instead waited nearly 16 months to file the action. Accordingly, her PAGA claim is time-barred and subject to judgment on the pleadings.

Accordingly, Wells Fargo respectfully requests that the Court grant judgment on the pleadings on the PAGA claim, and do so without leave to amend.

## II. SUMMARY OF RELEVANT FACTS

### A. Plaintiff's Allegations of Wells Fargo Failing to Pay Commissions Upon Its Termination of Her Employment in February 2013

Plaintiff began working for Wells Fargo as a Private Mortgage Banker ("PMB") in or about February 2008.[1] In her position as a PMB, Plaintiff was responsible for the initiation of loans and mortgages and management of a team of individuals that assisted in the origination of those loans.[2] Plaintiff was paid pursuant to a commission plan, that provided her certain payments based on the volume of loans she funded, and Plaintiff contends that she funded approximately $100 million in mortgage loans annually for Wells Fargo.[3]

Plaintiff contends that the compensation plan was modified in 2010 to provide that employees who terminated their employment would be paid commissions only on loans that funded within "thirty (30) days of termination of employment, or in accordance with state law."[4] Plaintiff further contends that she often completed all of her duties on loans, but the loans did not close within thirty days due to the fault of Wells Fargo.[5]

Plaintiff provided notice to Wells Fargo on February 15. 2013, Plaintiff gave written notice to Wells Fargo of her intention to resign effective March 1, 2013.[6] Plaintiff contends that, in response, Wells Fargo gave her notice that her last day of work would be February 19, 2013, and terminated her employment effective that date.[7] Plaintiff contends that she had in excess of $50,000 of loans where she had

---

1 Complaint ¶¶ 5-6.

2 Complaint ¶ 7.

3 Complaint ¶¶ 7, 12.

4 Complaint ¶ 12.

5 Complaint ¶¶ 12-13.

6 Complaint ¶ 8.

7 Complaint ¶ 9.

completed her duties on the loans, but the loans closed only after the termination of her employment, and she never received her commissions on those loans.[8]

**B. Plaintiff's Exhaustion of Administrative Remedies under PAGA in February 2014**

On February 11, 2014, Plaintiff, through her counsel, send a letter to the California Labor and Workforce Development Agency ("the LWDA") setting forth the basis for her belief that Wells Fargo had violated the Labor Code.[9] The letter to the LWDA generally tracks the allegations in Plaintiff's civil complaint.[10] Plaintiff contends that on March 11, 2014 (28 days later), the LWDA gave her notice that it was not going to investigate her allegations, and she could instead proceed with a private action under PAGA to collect civil penalties.[11]

**C. Plaintiff Does Not Actually File a Lawsuit until June 27, 2014, Nearly 16 Months After Her Alleged Termination**

Plaintiff actually filed this lawsuit in the Superior Court for the State of California, County of Los Angeles, on June 27, 2014, roughly 16 months after her termination from Wells Fargo.[12] In the Complaint, she alleges that Wells Fargo violated Labor Code Section 201 by failing to pay her all the commissions she claims she was owed, which Plaintiff contends entitles her to recover waiting time penalties under Labor Code Section 203.[13] Separately, she asserts a cause of action for violation of PAGA where she seeks to act as a representative for all other "aggrieved employees," who experienced violations of Labor Code Section 201 as a

---

8 Complaint ¶ 14.

9 Complaint ¶ 25; Request for Judicial Notice, Ex. "A."

10 Request for Judicial Notice, Ex. "A."

11 Complaint ¶ 25.

12 Complaint, p. 1.

13 Complaint ¶¶ 16-20.

result of not receiving commission on loans that were pending at the time of termination but not fund until after the termination.[14]

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings is appropriate when, "even if all allegations in the complaint are true, the moving party is entitled to judgment as a matter of law." *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993). A motion for judgment on the pleadings is a vehicle for summary adjudication, but the standard is like that of a motion to dismiss. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). It is "functionally identical" to a motion to dismiss for failure to state a claim; the only significant difference is that a motion for judgment on the pleadings is properly brought "after the pleadings are closed-but early enough not to delay trial." Fed. R. Civ. P. 12(c); *Dworkin*, 867 F. 2d at 1192; *see also* William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, *Federal Civil Procedure Before Trial* § 9:319–323.

This issue of whether Plaintiff's PAGA claim is time-barred is ripe for determination on the pleadings because it can be decided through reference only to her Complaint and judicially noticeable documents. Furthermore, resolving the issue now will effectively limit discovery to Ms. Crosby's individual case, as opposed to the alleged universe of other similarly situated employees. Accordingly, deciding the issue now will promote judicial economy.

///

///

///

///

---

[14] Complaint ¶¶ 23, 28.

# IV. LEGAL ARGUMENT

## A. Plaintiff's PAGA Claim Is Barred By PAGA's One-Year Limitations Period

### 1. PAGA is Subject to a One-Year Limitations Period, Which Is Extended Only 28 Days in This Action

PAGA provides for the recovery of civil penalties derivative of other Labor Code violations. Because it is solely a penalty recovery statute, the limitations period on an action under PAGA is one year. Code. Civ. Proc. § 340(a); *Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1007-08 (N.D. Cal. 2007); *see also Moreno v. Autozone*, 2007 U.S. Dist. LEXIS 43873, *4-12 (N.D. Cal. Jun. 5, 2007)(addressing and rejecting various arguments that longer statute of limitations should apply).

PAGA provides for a limited tolling of up to 33 days for the period between when the LWDA receives a PAGA complaint letter and when it provides notice whether it grants permission for the aggrieved employee to initiate a civil action (which right is automatic if no response is received within 33 days). Lab. Code § 2699(a)(2) and (d). That period awaiting LWDA action is added to the 1 year limitations period, effectively allowing a statute of limitations up to 1 year and 33 days. *See Martinez v. Antique & Salvage Liquidators, Inc.*, 2011 U.S. Dist. LEXIS 12198, * 26 (N.D. Cal. Feb. 8, 2011)(" PAGA allows for a tolling of the limitations period during the (at most) 33-day period during which the LWDA is assessing . . . the alleged violations"); *Singer v. Beckton, Dickinson & Co.*, 2008 U.S. Dist. LEXIS 56326, * 16 (S.D. Cal. Jul. 23, 2008)("The statute explains that such periods do not count as part of the time for purposes of statute of limitations analysis.").

Here, the LWDA provided notice to Plaintiff that it was not going to pursue her claims only 28 days after she sent her letter to the LWDA.[15] Accordingly, Plaintiff had one year and 28 days from the accrual of his waiting time penalties

---

[15] Complaint ¶ 25.

cause of action to file his PAGA claims. As explained below, Plaintiff missed that deadline by multiple months, rendering his PAGA claim time barred.

### 2. Plaintiff Failed to File Her Lawsuit Within the PAGA Statute of Limitations

Labor Code Section 201 provides in relevant part that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Lab. Code § 201(a). The statute requires employers to pay any wages that were earned ***as of the date of discharge*** immediately upon the date of discharge. *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1398 n. 7 (2010)("A cause of action for section 203 penalties accrues when an employer fails to pay wages on an employee's final workday."); *Mazzei v. Regal Entm't Group*, 2013 U.S. Dist. LEXIS 177883, *7 (C.D. Cal. Dec. 13, 2013) ("To qualify for penalties under PAGA, then, Plaintiffs must file their complaint within one year of the termination of their employment."). Accordingly, even if Plaintiff alleged that she was owed but not paid additional payments *after* her discharge (*e.g.*, on loans that funded months after her discharge), those missed payments would not create new liabilities under Section 201. The California Supreme Court has confirmed that the statute addresses only payments that are due ***immediately upon discharge***.

According to Plaintiff's own pleading, Wells Fargo terminated her employment on February 19, 2013.[16] One year and 28 days from the termination date would be March 19, 2014. But Plaintiff waited until June 27, 2014, more than three months ***after*** that deadline to bring this action. Accordingly, she brought the action after the limitations period expired, rendering her PAGA claim subject to dismissal. *See Thomas*, 527 F. Supp. 2d at 1009 (granting motion to dismiss because PAGA claim was time-barred); *Moreno*, 2007 U.S. Dist. LEXIS 43873 at *15 (same).

---

[16] Complaint ¶ 8.

**B. Motion for Judgment on the Pleadings Should Be Granted Without Leave to Amend**

The defect of failing to file a lawsuit within the statute of limitations is not a defect that can be remedied by amendment to pleading. The pleading of Plaintiff's termination date and the date she filed this lawsuit cannot be altered by subsequent pleading. Furthermore, Plaintiff has not brought a class action where another party with a timely claim could be substituted in her place. In situations where other courts have faced the same situation as the court faces here, the motion to dismiss was granted without leave to amend. *See Thomas*, 527 F. Supp. 2d at 1009; *Moreno*, 2007 U.S. Dist. LEXIS 43873 at *14.

## V. CONCLUSION

For the reasons set forth above, Wells Fargo respectfully requests that the Court grant it judgment on the pleadings as to Plaintiff's Second Cause of Action for violation of PAGA, and do so without leave to amend.

Dated: July 25, 2014

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ *Thomas R. Kaufman*

THOMAS R. KAUFMAN
Attorneys for Defendant
WELLS FARGO BANK, N.A.